IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAULA HAMRICK, Administratrix of the
Estate of Nathaniel Hamrick, deceased,

           Plaintiffs,

v.                                  CIVIL ACTION NO.   2:14-cv-02762

RESTAURANT MANAGEMENT
GROUP, LLC, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's motion to remand [ECF 15] and the motion to dismiss filed by Defendants CKE Restaurants, Inc., Hardee's Restaurants, LLC, and Hardee's Food Systems LLC (collectively, the "Franchisor Defendants") [ECF 5]. For reasons set forth below, the Court **DENIES** Plaintiff's motion to remand [ECF 15] and **GRANTS IN PART** and **DENIES IN PART** the Franchisor Defendants' motion to dismiss [ECF 5].

*I. BACKGROUND*

According to the Amended Complaint, Plaintiff Paula Hamrick is the administratrix of the estate of Nathaniel Hamrick, now deceased. Plaintiff is a citizen of West Virginia, as was Nathaniel. Nathaniel was formerly employed at a Hardee's franchise restaurant in Summersville, Nicholas County, West Virginia. (ECF 27 at 13.) On November 29, 2011, one or more of Nathaniel's supervisors instructed him to clean a Frymaster Model FHP350CSD commercial fryer, including the fryer box. (*Id.*) Because the fryer's pump and filter had been broken for a

significant period of time, Nathaniel had to clean the fryer box manually. (*Id.*) Nathaniel had not been trained in manually cleaning the fryer box, the two gloves provided for the task of lifting the heavy and hot fryer box were both left-handed, and there had been prior complaints about the issues associated with manually cleaning the fryer box. (*Id.*) As he lifted and carried the fryer box, it slipped out of his hands, spilling hot grease on Nathaniel's body, arms, hands, and lower extremities. (*Id.* at 14.) Nathaniel sustained first and second degree burns. (*Id.*)

Defendants Restaurant Management Group, LLC; Restaurant Management Group of West Virginia, LLC; CKE Restaurants, Inc.; Hardee's Restaurants, LLC; and Hardee's Food Systems LLC (collectively, the "Hardee's Defendants") allegedly operate and manage the Hardee's franchise restaurant where Nathaniel Hamrick was employed at the time of his injuries. (ECF 27 at 2–3, 5–7).[1] Defendant Frymaster is allegedly the manufacturer of the Frymaster Model FHP350CSD. (ECF 27 at 9.)[2]

Plaintiff filed a Complaint asserting various state law claims in the Circuit Court of Nicholas County, West Virginia on November 20, 2013. On January 17, 2014, Defendants timely filed a notice of removal, invoking federal diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. (ECF 1.) Defendants filed an amended notice of removal on January 31, 2014.

---

[1] Plaintiff alleges that each one of the Hardee's Defendants is "in the business of operating and managing Hardee's restaurants (such as providing employment, training, safety, supervision, inspections, equipment, food, cooking supplies, procedures, and other services in furtherance of the operations of those restaurants) including at the Hardee's restaurant . . . where Nathaniel Hamrick was employed at the time of his injuries." (*Id.*) According to the memorandum of law in support of the motion to dismiss, Defendants Restaurant Management Group, LLC and Restaurant Management Group of West Virginia, LLC are in fact the operators of the franchise where the accident occurred, while Defendants CKE Restaurants, Inc., Hardee's Restaurants, LLC, and Hardee's Food Systems LLC are the franchisors. (ECF 6 at 1–2). However, on a motion to dismiss, the Court must generally take the facts alleged in a complaint to be true.

[2] Manitowoc Foodservice Companies, LLC and The Manitowoc Company, Inc., were also named as Defendants in the Amended Complaint. Plaintiff subsequently moved to dismiss the Manitowoc Defendants, and this Court granted their motion on July 3, 2014.

(ECF 9.) In it, Defendants allege that Restaurant Management Group, LLC has as its members "three individuals who are citizens of California and/or North Carolina" (*id.* at 5); that "[u]ntil its termination on December 20, 2012, Defendant Restaurant Management Group of West Virginia, LLC's members were three individuals who are citizens of California and/or North Carolina" (*id.* at 5); that the two Hardee's defendants are owned by a chain of named single member LLCs at the end of which stands CKE Restaurant Holdings, Inc.,[3] a Delaware corporation with its principal place of business in California (*id.* at 5–6); and that Frymaster, LLC has as its sole member an unnamed Delaware corporation with its principal place of business in Delaware (*id.* at 6). In addition, the amended notice of removal alleges that the amount in controversy exceeds $75,000. On February 20, 2014, Plaintiff filed a motion to remand. In support of the motion to remand, Plaintiff argues that Defendants failed to plead diversity with sufficient particularity in their notice of removal.

On March 7, 2014, Plaintiff filed an Amended Complaint (ECF 27). Plaintiff alleges a deliberate intent workplace injury pursuant to W. Va. Code § 23–4–2(d)(2)(ii) (Count I), a negligence claim (Count II), and four product liability claims (Counts III–VI). (ECF 27 at 15–24.) A subset of the Hardees Defendants—the Franchisor Defendants—filed a motion to dismiss all claims against them on January 14, 2014, under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] Pursuant to an order by this Court (ECF 26), Franchisor Defendants' motion to dismiss (ECF 5) applies to the Amended Complaint.

---

[3] Defendants note that CKE Restaurants Holdings, Inc. is the successor in interest to CKE Restaurants, Inc., which is no longer a corporate entity. (ECF 9 at 1, n.2.)

[4] Plaintiff's Amended Complaint also styles two requests for punitive damages as "Count VII" and "Count VIII." To the extent that Plaintiff pleads punitive damages as a cause of action, this Court in *Leo v. Beam Team Inc.*, 2012 WL 1111374 (S.D. W.Va. Apr. 2, 2012) clarified that punitive damages are not a cause of action but rather a potential remedy. *Id.* at *5 & n.2. *See also Brown v. Tethys Bioscience*, No. 1:10–1245, 2011 WL 1627353, at *5

## II. MOTION TO REMAND

*A. Legal Standard*

A district court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different States. 28 U.S.C. § 1332(a). The diversity requirement of § 1332(a) requires complete diversity of citizenship. *See*, e.g., *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). For diversity purposes a corporation is deemed to be a citizen of both (1) its State of incorporation and (2) the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Unlike a corporation, a limited liability company is deemed to be a citizen of any States of which its members are citizens. *See Carden.*, 494 U.S. at 195–96; *Gen. Tech Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120 (4th Cir. 2004). The legal representative of the estate of a decedent is deemed to be a citizen of the same State as the decedent. 28 U.S.C. § 1332(c)(2).

*B. Discussion*

Plaintiff has not disputed Defendants' allegations of citizenship and does not adduce any specific evidence to counter Defendants' allegations. Nor does Plaintiff argue that the amount in controversy requirement has not been met. Instead, Plaintiff makes two arguments about the sufficiency of Defendants' pleading of diversity in their notice of removal.

---

(S.D. W.Va. Apr. 28, 2011) ("To the extent plaintiffs have pleaded punitive damages as a cause of action, that is improper."). Because Rule 54(c) directs courts to "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," Fed. R. Civ. P. 54(c), Plaintiff's pleading of punitive damages is superfluous. To the extent that Franchisor Defendants request dismissal of Plaintiff's request for punitive damages, "punitive damages is not a cause of action subject to dismissal under Rule 12(b)(6)." *Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc.*, No. 5:13cv00120, 2014 WL 1906835, at *7 (W.D. Va. May 13, 2014) (internal quotation marks omitted). However, since the Franchisor Defendants have not specifically requested a dismissal of "Count VII" and "Count VIII" but have instead requested more generally that they be dismissed as defendants, this Court need not address the issue of punitive damages on this Rule 12(b)(6) motion.

First, Plaintiff argues that the notice of removal fails to adduce proof in support of the allegations of citizenship. In particular, Defendants fail to identify the precise names and addresses of the members of Restaurant Management Group, LLC, and Restaurant Management Group of West Virginia, LLC and to provide other "proof in support of [the] allegations of citizenship". (ECF 16 at 2–3.) Defendants fail to identify any "proof in support of [the] allegations of the membership of" Hardee's Restaurants, LLC, and Hardee's Food Systems, LLC. (*Id.* at 3.) And Defendants fail to identify the sole member corporation of Frymaster, LLC, or "provide[] any proof in support of its allegation regarding the membership of" Frymaster, LLC or of the sole member corporation. (*Id.* at 34.)

Plaintiff's argument that Defendant has failed to meet its pleading burden for lack of specificity is without merit. Defendants seeking removal bear the burden of demonstrating that jurisdiction is proper. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296–97 (4th Cir. 2008). However, a removing party's notice of removal is not required to meet a higher pleading standard than the one imposed on a plaintiff pleading diversity jurisdiction in a complaint. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). This pleading standard is not onerous. *See id.* ("[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332,' so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner") (citation omitted). Here, Defendants have pled that the citizenship of all of the Defendants is different than that of the

5

Plaintiff, naming the states of which each Defendant is a citizen. Further proof in support of Defendants' allegations of citizenship is not required at this stage.

Second, Plaintiff argues that it was insufficient to allege the citizenship of dissolved entity Restaurant Management Group of West Virginia, LLC, as of its termination on December 20, 2012. (ECF 16 at 9.) Plaintiff asserts that the citizenship of this Defendant must be alleged as of the time of filing the complaint and as of the time of removal. (*Id.*) Courts have long recognized that when diversity of citizenship is the basis of removal, diversity must exist at both the time the action was filed in state court and at the time the case is removed to federal court. *See* 14B C. Wright et. al, *Federal Practice and Procedure* § 3723, n.15 (4th ed. 2009). Plaintiff does not allege that diversity did not exist at the time of removal or at the time of filing. Plaintiff instead argues that the notice of removal does not properly plead the citizenship of Restaurant Management Group of West Virginia, LLC, since it alleges the citizenship of the members of Restaurant Management Group of West Virginia, LLC as of the time of termination. However, Plaintiff does not suggest any reason why the membership of the terminated LLC would have changed after the date of the LLC's termination, and no such reason appears to the Court. Moreover, the notice of the removal makes clear, by its use of the present tense verb "are", that the citizenship of the individual members (who were members as of termination) is alleged as of the time that the notice of removal was filed. (ECF 9 at 5 ( "Until its termination on December 20, 2012, Defendant Restaurant Management Group of West Virginia, LLC's members were three individuals who are citizens of California and/or North Carolina.").)

Defendants have met their burden for pleading removal jurisdiction and the motion to remand is **DENIED**.

6

## III. MOTION TO DISMISS

*A. Rule 12(b)(6) Standard*

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations "must be simple, concise, and direct" and "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a civil complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1356 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss will be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

7

*B. Deliberate Intent (Count I)*

Plaintiff alleges that, to the extent the Hardee's Defendants were Nathaniel Hamrick's employer, they are liable to Plaintiff under W. Va. Code §23-4-2(d)(2)(ii). (ECF 27 at 15.) West Virginia's workers' compensation statute immunizes an employer from liability for negligent injury of an employee. W. Va. Code §§ 23–2–6, 23–4–2(d)(1). The employer's immunity from suit may be lost if the employer acted with deliberate intent. W. Va. Code § 23–4–2(d)(2). To establish deliberate intent under West Virginia Code § 23–4–2(d)(2)(ii), a plaintiff must show the following:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
> (B) That the employer . . . had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer . . . ;
> (D) That . . . the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
> (E) That the employee exposed suffered serious compensable injury . . . as a direct and proximate result of the specific unsafe working condition.

*Id*. W. Va. Code § 23–4–2(c) provides that a plaintiff shall have a cause of action against the employer for damages in excess of those receivable under the workers' compensation statute when deliberate intent is shown.

The Franchisor Defendants argue that Plaintiff has not pled any facts to demonstrate that the Franchisor Defendants were in fact Hamrick's employers. (ECF 6 at 13.) However, Plaintiff has alleged that the Franchisor Defendants "were in the business of operating and managing

8

Hardee's restaurants[,] such as providing employment," including at the Hardee's restaurant where Nathaniel Hamrick worked at the time of his injuries. (ECF 27 at 5–7.)

The Franchisor Defendants argue that Plaintiff has not pled any facts to demonstrate that the Franchisor Defendants had any knowledge of the alleged unsafe working conditions. (ECF 6 at 13.) However, Plaintiff has also alleged that the Frymaster's pump and filter had been broken for a significant period of time and that there had been prior complaints about the issues associated with manually cleaning the fryer box. (*Id.* at 13.) On a motion to dismiss, it is reasonable for the Court to infer from these facts, as well as from the Franchisor Defendants' alleged status as the Summersville Hardee's restaurant's operator, that the Franchisor Defendants had actual knowledge of alleged unsafe working conditions which were of long standing and much complained about at the Hardee's franchise in question.[5]

Defendants' motion to dismiss the deliberate intent claim is therefore **DENIED**.

*C. Negligence (Count II)*

In the alternative, Plaintiff argues that, to the extent the Hardee's Defendants were *not* Nathaniel Hamrick's employer, but were otherwise involved in the operation and management of the restaurant, they are liable to Plaintiff for negligence. (ECF 27 at 17–18; *see also id.* at 5–7, ECF 17 at 13.)

The basic elements of a negligence claim are duty, breach of that duty, causation, and damages. "To prevail in a negligence suit, the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the

---

[5] The Franchisor Defendants also make the conclusory argument that Plaintiff failed "to state sufficient facts to support each element of her deliberate intent claim." (ECF 6 at 13.) Because the Franchisor Defendants did not make more specific arguments regarding the other elements of a deliberate intent claim, the Court will not address the other elements at this time.

9

defendant proximately caused the injuries of the plaintiff." *Strahin v. Cleavenger*, 603 S.E.2d 197, 205 (W. Va. 2004).

The Franchisor Defendants argue that Plaintiff has pleaded no facts to indicate that they owed any legal duty to Nathaniel Hamrick. (ECF 6 at 13.) The Franchisor Defendants focus their arguments on the degree of control required for franchisor liability. (ECF 6 at 3–4, 6–11, 13–14.) In doing so, they rely on their own assertion that they are the franchisors of the Hardee's restaurant where Hamrick worked and that they lacked control over daily operations. But that is not what is pled in the Amended Complaint. Plaintiff alleges that the Franchisor Defendants operated and managed the Hardee's restaurant where Hamrick was injured and provided training, supervision, inspections, equipment, cooking supplies, and procedures in furtherance of the operation of that restaurant. It is reasonable to infer from these allegations that the Franchisor Defendants had control over the equipment and procedures which contributed to Hamrick's injury and that their conduct created a risk of physical harm to Hamrick. Defendants owed Hamrick a common-law duty to exercise reasonable care, and his alleged injury as a result of using equipment and safety procedures in place at that restaurant makes him a foreseeable plaintiff.[6]

Thus, the motion to dismiss as to the negligence claim is **DENIED**.

*D. Product Liability (Counts III–VI)*

Plaintiff sets forth four theories of product liability that apply "to the extent that the Hardee's Defendants were involved in the distribution, lease, or sale of the Frymaster Model,

---

[6] The Franchisor Defendants also make the conclusory argument that Plaintiff failed "to state sufficient facts to support each element of her negligence claim." (ECF 6 at 14.) Because the Franchisor Defendants did not make more specific arguments regarding the other elements of a negligence claim, the Court will not address the other elements at this time.

FPH350CSD." (ECF 27 at 19–22.) She argues that the Hardee's Defendants are liable, as a manufacturer of the Frymaster under theories of negligence (Count III), strictly liability (Count IV), failure to warn (Count V), and breach of express and implied warranties (Count VI). However, beyond the conditional statement quoted above, Plaintiff does not make a single affirmative allegation or offer any facts from which this Court could infer that that the Hardee's Defendants were engaged in manufacturing, distributing, leasing, or selling the Frymaster. A plaintiff is entitled to plead different claims in the alternative. See Rule 8(d)(2) of the Federal Rules of Civil Procedure (permitting alternative pleading). However, that does not mean that the Court must accept as allegations or make inferences from facts that are only pled in the conditional. *See Morris v. Younis*, No. 06-2576, 2007 WL 1463077, at *2 (E.D. Pa. May 17, 2007) ("A lonely 'If' will not do to plead fraud.").

       Thus, Plaintiff has failed to plead her claims of product liability as to the Hardee's Defendants and Counts III–VI must be dismissed as to those Defendants.

*IV. CONCLUSION*

For the reasons stated above, the Court **DENIES** Plaintiff's motion to remand [ECF 15] and **GRANTS IN PART** and **DENIES IN PART** the Franchisor Defendants' motion to dismiss [ECF 5].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    September 19, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE